Filed 5/4/2016 Unmodified opinion attached

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| FLORDELIZA HAWKINS,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>SUNTRUST BANK,<br><br>  Defendant and Respondent. | 2d Civil No. B264541<br>(Super. Ct. No. 56-2014-00453733-CU-NP-VTA)<br>(Ventura County)<br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 6, 2016, be modified as follows:

1. On page 4, in the second paragraph, in the first sentence, delete the words: "attempted but." The sentence as modified reads: Appellant claims that she was not personally served with the summons and complaint and that substituted service was not effectuated.

2. On page 4, in the last paragraph, delete the second sentence: "We need not decide that issue."

3. On page 6, insert prior to the *Conclusion* heading, the following:

*Petition for Rehearing*

Citing *Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377 (*Yu*), appellant persists that the South Carolina judicial foreclosure judgment is void and should not be given full faith and credit because the trial court lacked personal jurisdiction to render the judgment.

*Yu* is distinguishable.  It involved a debt collection action to enforce a Virginia default judgment in California.  In *Yu,* the debtor asserted lack of personal jurisdiction as a shield to fend off collection.  (*Id.*, at pp. 1383, 1386.)  Appellant, however, is not being sued in California to collect a debt.  She is suing respondent for $70,000 cash that she claims was "misplaced" during the eviction, lost rent, and emotional distress for the eviction.  Thus, she is using the foreclosure, the eviction, and the South Carolina judgment as a sword.

We reiterate that appellant is estopped by facially sufficient and presumptively correct recitals in the South Carolina judgment that she and Hawkins were personally served with the summons and complaint.  She appealed in South Carolina, then abandoned the appeal after filing the instant action in California.  The abandonment of the South Carolina appeal has a spillover effect on her present California action.  The South Carolina judgment against Hawkins remains in effect.  If the judicial foreclosure is lawful as to Hawkins, it is binding on her as a co-obligor and surviving spouse.  (See *Mueller v. J.C. Penney Co.* (1985) 173 Cal.App.3d 713, 723 [spouses are in privity with each other for purposes of collateral estoppel]; *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 826 [issue preclusion may be asserted against one in privity with a party].)

The South Carolina judgment is also a res judicata bar.  Appellant appealed to the South Carolina Court of Appeals.  Appellant claims it was only a special appearance (*ante,* at p. 4), but a party who makes a special appearance for the limited purpose of challenging jurisdiction " 'agrees to abide by that court's determination on the issue of jurisdiction.' "  (*Ware v. Ware* (S.C. 2013) 743 S.E.2d 817, 826, quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee* (1982) 456 U.S. 694, 706 [res judicata attached where appeal dismissed for failure to prosecute].)  Appellant had the opportunity to fully and fairly litigate the service of process issue in South Carolina.  She makes no showing that the judgment is susceptible to collateral attack in South Carolina courts where the judgment was rendered.  (*Ibid.*; see *Heuer v. Heuer* (1949) 33 Cal.2d 268, 271.)  The judgment is entitled to full faith and credit even as to questions of

2

jurisdiction.  (*Yu, supra,* 69 Cal.App.4th at p. 1394; *Underwriters Nat'l Assur. Co. v. North Carolina Life* (1982) 455 U.S. 691, 706 [71 L.Ed.2d 558, 571-572].)

There is no change in the judgment.

Appellant's petition for rehearing is denied.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| FLORDELIZA HAWKINS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SUNTRUST BANK,<br><br>    Defendant and Respondent. | 2d Civil No. B264541<br>(Super. Ct. No. 56-2014-00453733-CU-NP-VTA)<br>(Ventura County) |

Rather than giving full faith and credit to a South Carolina foreclosure judgment, appellant contends that we should give it no faith and no credit. This would require riding roughshod over Article IV, §1 of the United States Constitution, section 1913, subdivision (a) of the California Code of Civil Procedure, and time honored principles of res judicata and collateral estoppel.[1] There is no principled reason to do so.

Flordeliza Hawkins appeals from a judgment on the pleadings entered in favor SunTrust Bank (SunTrust), a Georgia state chartered bank, on her complaint for

---

[1] United States Constitution, Article IV §1 provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof.

Code of Civil Procedure, §1913, subd. (a) provides: "Subject to subdivision (b), the effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced in this state by an action or special proceeding."

wrongful foreclosure. The trial court ruled that the action was barred by a South Carolina judicial foreclosure judgment. We affirm.

The doctrine of collateral estoppel bars relitigation of an issue decided in the South Carolina action, i.e., that appellant was personally served with a summons and complaint before a default judgment was entered. The doctrine of res judicata, of which collateral estoppel is a part, encompasses both claim preclusion and issue preclusion. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897, fn. 7.) "The best way of remembering these doctrines clearly is to view collateral estoppel as a miniature of res judicata; the former applies to issues, the latter to entire claims or lawsuits." (Garner, A Dictionary of Modern Legal Usage (2d. ed. 1995) p. 169.)

*Facts and Procedural History*

In 2006, appellant and her now deceased husband, James C. Hawkins (Hawkins), arranged for a $154,000 revolving line of credit with SunTrust. The loan was secured by a mortgage on appellant's South Carolina home, at 2130 Cheddar Road, Belton, South Carolina. In December 2010, appellant and Hawkins defaulted on the loan, owing $157,631.82. SunTrust sued for judicial foreclosure in a South Carolina state court. On January 11, 2011, SunTrust filed affidavits of service declaring that the summons and complaint were personally served on Hawkins and appellant on December 9, 2011 at 2130 Cheddar Road, Belton, South Carolina. A default was entered against appellant and Hawkins, and the judgment of foreclosure and sale was entered on April 19, 2012.

The 2130 Cheddar Road property was sold at a foreclosure sale and a $119,994.62 deficiency judgment was entered against appellant and Hawkins. They were evicted in January 2013.

A year later, appellant appealed on the theory that she had no knowledge of the judgment because she and Hawkins "were not serve[d] properly." (*SunTrust v. Hawkins et al*, South Carolina Court of Appeals, Case No. 2014-001363.) On August 25, 2014, the South Carolina Court of Appeals dismissed the appeal for failure to cure deficiencies in the notice of appeal. The South Carolina foreclosure judgment is final.

2

Before the South Carolina appeal was dismissed, appellant filed suit in Ventura County for wrongful foreclosure. The complaint alleges that the foreclosure was improper because SunTrust foreclosed on the property "without notice -- specifically without service of process." It states that appellant was evicted from her home without notice. The complaint prays for, among other things, $70,000 damages, $600 a month lost rent, and emotional distress damages.

SunTrust answered the complaint, alleging that the South Carolina judgment controlled and that res judicata and collateral estoppel were dispositive affirmative defenses. The trial court took judicial notice of the South Carolina judgment and ruled that appellant was barred from relitigating the issue of whether she was served with a summons and complaint in the South Carolina action.

*Judgment on the Pleadings Based On*

*South Carolina Law*

Because a judgment on the pleadings is akin to a demurrer and tests the sufficiency of the complaint, our review is de novo. (*Wise v. Pacific Gas & Electric Co.* (2005) 132 Cal.App.4th 725, 738.) The validity of the South Carolina judgment is determined by the law of the state where the judgment was rendered. (*Gagnon Co. v. Nevada Desert Inn, Inc.* (1955) 45 Cal.2d 448, 454.)

Pursuant to South Carolina law, the doctrine of res judicata encompasses issue preclusion and bars a subsequent action by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior suit. (*Plum Creek Development Co, Inc. v. City of Conway* (S.C. 1999) 512 S.Ed.2d 106, 109.) Absent fraud or collusion, the default judgment is res judicata if the trial court had jurisdiction of the parties and of the subject matter. (See e.g., *Toney v. LaSalle Bank N.A.,* (D.S.C. 2012) 896 F.Supp.2d 455, 468 [homeowner's action to set aside a judicial foreclosure barred because matter was previously adjudicated in state court]; *Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 120 [default judgment in Hawaii foreclosure action resulting in deficiency judgment given full faith and credit].)

To establish res judicata, SunTrust Bank was required to prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the prior action. (*Riedman Corp. v. Greenville Steel Structures, Inc.* (S.C. 1992) 419 S.E.2d 217, 219.) Appellant does not dispute the first two elements (identity of the parties and identity of subject matter), but argues that the third element was not established because personal jurisdiction (i.e., proper service of the summons and complaint) was not adjudicated in the South Carolina action. "Whenever a foreign judgment is raised as a defense, the court in the subsequent case can consider whether the court that rendered the judgment had the jurisdiction to do so." (*Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377, 1386.)

Appellant claims that she was not personally served with the summons and complaint and that substituted service was attempted but not effectuated. These factual claims are dehors of the record, i.e., they are not reflected in the South Carolina judgment or court records. The affidavit of service states that appellant and Hawkins were personally served with the summons and complaint. The affidavit includes descriptions of the two people served. Appellant could have brought a motion to set aside the judgment but, instead, appealed to the South Carolina Court of Appeals and then abandoned the appeal. Appellant certainly had notice of the action when she was evicted. She fails to explain why a motion to vacate the judgment was not filed in South Carolina before moving to California and filing suit here.

Appellant asserts that the South Carolina appeal was only a "special appearance" and has no collateral estoppel effect. We need not decide that issue. The South Carolina trial court judgment includes the finding that appellant and Hawkins were served with the summons and complaint. Appellant cites no authority that the judgment may be collaterally attacked in California by filing a new action for wrongful foreclosure. The doctrines of res judicata and collateral estoppel preclude piecemeal litigation by splitting a single cause of action or relitigating the same primary right. (*Mycogen Corp. v. Monsanto Co, supra*, 28 Cal.4th at p. 897.)

4

*Judicial Notice of Sister State Judgment*

Appellant asserts that the trial court erred in taking judicial notice of the factual findings in the South Carolina judgment. Although a court cannot take judicial notice of hearsay allegations in a court record, it can take judicial notice of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments. (*Day v. Sharp* (1975) 50 Cal.App.3d 904, 914.) "To determine whether to preclude relitigation on collateral estoppel grounds, judicial notice may be taken of a prior judgment and other court records. [Citations.]" (*Rodgers v. Sargent Controls & Aerospace* (2006) 136 Cal.App.4th 82, 90.)

As a general rule factual findings in a judgment are not the proper subject of judicial notice. That does not end our inquiry. "'Whether a factual finding is true is a different question than whether the truth of that factual finding may or may not be subsequently litigated a second time. The doctrines of res judicata and collateral estoppel will, when they apply, serve to bar relitigation of a factual dispute even in those instances where the factual dispute was erroneously decided in favor of a party who did not testify truthfully.' [Citation.] In other words, even though a factual finding in a prior judicial decision may not establish the truth of that fact for purposes of judicial notice, the finding itself may be a proper subject of judicial notice if it has a res judicata or collateral estoppel effect in a subsequent action." (*Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 148.)

The trial court did not err in taking judicial notice of the South Carolina judgment and the service of process finding. The doctrine of res judicata/collateral estoppel bars relitigation of a factual dispute even when the factual dispute was erroneously decided in favor of a party who did not testify. (See *Nakash v. Superior Court* (1987) 196 Cal.App.3d 59, 67 [res judicata]; *McClain v. Rush* (1989) 216 Cal.App.3d 18, 28-29 [collateral estoppel].) "'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and

final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  (*Ashe v. Swenson* (1970) 397 U.S. 436, 443 [25 L.Ed.2d 469, 475].)

Courts often speak of applying full faith and credit to a sister state's judgment in order to implement res judicata principles.  (*Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1271.)  "With respect to judgments, 'the full faith and credit obligation is exacting.'  [Citation.] . . . A State may not disregard the judgment of a sister State because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits."  (*V.L. v. E.L.* (March 8, 2016, No. 15-648) __U.S.__, __ [2016 D.A.R. 2273, 2273].)

*Conclusion*

The purpose of the full faith and credit provisions, res judicata, and collateral estoppel rules is to prevent repetitive and vexatious litigation.  It also prevents the waste of scarce judicial resources.  (See 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 334, p. 938.)  Allowing appellant to proceed in this action would frustrate all of the articulated reasons for these rules.

The judgment is affirmed.  SunTrust Bank is awarded costs on appeal.

CERTIFIED FOR PUBLICATION.

YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

6

Kent Kellegrew, Judge

Superior Court County of Ventura

_____

Malcolm Tator, for Plaintiff and Appellant.

Zareh A. Jaltorossian, Maureen M. Home, Abraham J. Coleman, Michael Gerst, Hana R. Herscovitz; Reed Smith.   David J. de Jesus; Reed Smith, for Defendant and Respondent.