[Civ. No. 18512.   First Dist., Div. Two.   Sept. 22, 1959.]

CLARA B. HOELLER, Respondent, v. GEORGE G. LLOYD et al., Appellants.

Raymond H. Goodrich and Joseph C. Davish for Appellants.

Richard H. Shields and Byron J. Snow, Jr., for Respondent.

O'DONNELL, J. pro tem.*—This is an action to quiet title. Plaintiff and defendants are adjoining landowners. ▮ At the trial of the action the principal issue presented for decision was the proper construction of the following course in the common boundary of the lands of plaintiff and de-

*Assigned by Chairman of Judicial Council.

fendants: ". . . thence along the fence and gulch on average course N 61¼° E to the Westerly end of a fence on the top of steep bank . . ." The angle of 61¼° and the call along the fence do not coincide. Between the line of the angle and the line of the fence is a long, narrow strip of land. It is this strip that is the subject of dispute. If the quoted course be construed as following the angle, then the disputed strip belongs to defendants; if it be construed as following the fence, then the strip belongs to plaintiff. Such was the theory on which the case was tried. The trial court determined that the fence constituted the true boundary, and adjudged that plaintiff is the owner of the disputed strip and that defendants' claim thereto is without right. Defendants appeal.

On appeal defendants, for the first time, call attention to the fact that all the deeds in plaintiff's and defendants' respective chains of title refer to the fence, save one—the deed to plaintiff herself from her grantor, one Braden. The Braden deed calls only for a course along the angle of 61¼°. It makes no reference to the fence.

In the lower court plaintiff based her whole case on the documents in her chain of title. The unexplained absence of a call to the fence in the Braden deed necessarily results in a failure of proof of plaintiff's title to the disputed strip. It is settled that in a quiet title action plaintiff must establish title in himself in order to succeed. (*Pacific States Sav. & Loan Co.* v. *Warden,* 18 Cal.2d 757, 759 [117 P.2d 877].)

The case was apparently tried on the erroneous assumption, by both sides, that the Braden deed, too, referred to the fence. There is nothing in the record that indicates that defendants were responsible for this misapprehension; nor is there anything that suggests that they should be held to be estopped to urge on this appeal the deficiency in plaintiff's proof. The cause must therefore be remanded for a new trial. On new trial, the parties may be advised to amend their pleadings, if necessary, and we in no way infer any restriction upon the presentation of evidence relevant to other theories which may establish title in either. We note room for doubt in the present record that defendants' grantor had any title to the disputed area, and nothing contained in this opinion is intended to infer that defendants have established title.

The judgment is reversed.

Dooling, Acting P. J., and Draper, J., concurred.