Filed 7/1/22  Barnes v. WVBAGD CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| BRADLEY BARNES et al., | B310667 |
| Cross-complainants and Appellants, | (Los Angeles County Super. Ct. No. EC068581) |
| v. | |
| WVBAGD, LLC, | |
| Cross-defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Curtis A. Kin, Judge.  Dismissed.

De Castro, West, Chodorow, Mendler & Glickfeld, Mark L. Share; Benedon & Serlin, Gerald M. Serlin and Wendy S. Albers for Cross-complainants and Appellants.

Fidelity National Law Group and Kevin R. Broersma for Cross-defendant and Respondent.

Cross-complainants and appellants Bradley Barnes and BABBB, LLC (collectively, borrowers) appeal from the judgment entered in favor cross-defendant and respondent WVBAGD, LLC (lender) after the trial court sustained, without leave to amend, lender's demurrer to borrowers' fourth amended cross-complaint seeking to prevent the foreclosure sale of property securing a debt owed to lender. Borrowers concede in their appellate briefing that the foreclosure sale took place while this appeal was pending. The appeal is therefore moot, and we dismiss it.

## BACKGROUND

This action arises out of a $250,000 loan made in 2008 to borrowers and others by lender's assignor, Dove Street Capital Lenders, secured by deeds of trust on two separate residential properties, one of which was owned by borrowers. Lender commenced this action against borrowers seeking initially to judicially foreclose on the deeds of trust. That action was later dismissed as time-barred.

Before the dismissal of lender's action, borrowers filed the cross-action that is the subject of this appeal, seeking to prevent foreclosure and to obtain declaratory relief as to the rights and obligations of the parties. Borrowers obtained a preliminary injunction in October 2018 barring foreclosure of the property during pendency of the action.

In their operative fourth amended cross-complaint, borrowers asserted causes of action for declaratory relief, accounting, cancellation of the deed of trust, and quite title. Lender demurred, and the trial court sustained the demurrer, without leave to amend, on the ground that California law

2

prohibits a defaulting borrower from maintaining a preemptive lawsuit seeking to prevent a nonjudicial foreclosure.

An order dissolving the preliminary injunction was entered on February 8, 2021. On that same date, judgment was entered in lender's favor.

This appeal followed. While the appeal was pending, lender foreclosed and borrower's property securing the deed of trust was sold.

## DISCUSSION

An appellate court will address only actual controversies. (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) This rule applies when injunctive relief is sought and, pending appeal, the act sought to be enjoined has been performed. (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 208 (*Ragland*).)

Borrowers' cross-action sought to enjoin lender from initiating a nonjudicial foreclosure. While this appeal was pending, the foreclosure sale occurred,[1] rendering the appeal moot. (*Ragland, supra*, 209 Cal.App.4th at p. 208.)

Borrowers argue their appeal is not moot because the $40,001 bond they posted to obtain the preliminary injunction is still being held by the trial court and entitlement to the bond proceeds remains at issue. Borrowers further contend the amount of the secured debt owed to lender, which was the subject of their accounting cause of action, remains a disputed issue.

---

[1] We construe borrowers' concession in their appellate briefing that the foreclosure sale occurred while this appeal was pending as an admission. (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1186, fn. 4.)

Those issues are not the subject of this appeal, however, and we do not address them.

## DISPOSITION

The appeal is dismissed.  Lender shall recover its costs on appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

ASHMANN-GERST, J.

4