NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAN HUI CHEN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee of Securitized Asset Backed Receivables, LLC Trust 2007-BRI Mortgage Pass Through Certificates, Series 2007-BR1; et al.,<br><br>    Defendants-Appellees. | No. 15-15044<br><br>D.C. No. 4:13-cv-03352-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Nan Hui Chen appeals from the district court's judgment dismissing her

action alleging federal and state law claims arising from foreclosure proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 970 (9th Cir. 2017). We affirm.

The district court properly dismissed Chen's cancellation of instruments claim because Chen failed to allege facts sufficient to show that any of the recorded documents were void or voidable. *See Thompson v. Ioane*, 218 Cal. Rptr. 3d 501, 512 (Cal. Ct. App. 2017) (setting forth elements of cancellation of instruments claim under California law).

The district court properly dismissed Chen's slander of title claim because Chen failed to allege facts sufficient to show the recorded documents associated with the subject property contained false statements. *See Seeley v. Seymour*, 237 Cal. Rptr. 282, 288-89 (Ct. App. 1987) (setting forth elements of slander of title claim under California law).

The district court properly dismissed Chen's claim under the California Homeowner's Bill of Rights ("HBOR") because the statute did not go into effect until after defendants' alleged misconduct. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 798 (Ct. App. 2016) (HBOR not retroactive).

The district court properly dismissed Chen's accounting claim because Chen failed to allege facts sufficient to show that any funds allegedly owed to her were unascertainable without an accounting. *See Prakashpalan v. Engstrom, Lipscomb & Lack*, 167 Cal. Rptr. 3d 832, 859 (Ct. App. 2014) (an action for an accounting is

15-15044

appropriate "where the books and records are so complicated that an action demanding a fixed sum is impracticable" (internal citation omitted)).

The district court properly dismissed Chen's Truth in Lending Act ("TILA") claim for damages as time-barred because Chen filed this action after the applicable statute of limitations had run. *See* 15 U.S.C. § 1640(e) (one-year statute of limitations for damages claim under TILA); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).

The district court properly dismissed Chen's Real Estate Settlement Procedures Act ("RESPA") claim because Chen failed to allege facts sufficient to show that she sent a qualified written request to Ocwen. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (defining a qualified written request that triggers a servicer's duty to respond under RESPA).

The district court properly dismissed Chen's Fair Debt Collection Practices Act ("FDCPA") claim because Chen failed to allege facts sufficient to show that defendants were "debt collectors" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under the FDCPA); *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA.").

15-15044

The district court properly dismissed Chen's claim under California's Unfair Competition Law ("UCL") because Chen failed to state a statutory predicate. *See Aleksick v. 7-Eleven, Inc.*, 140 Cal. Rptr. 3d 796, 801 (Ct. App. 2012) (an UCL cause of action fails if it does not state a statutory predicate).

The district court did not abuse its discretion in denying Chen's motion for leave to file her proposed first amended complaint, where it had previously provided notice of the complaint's deficiencies. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983 n.2 (9th Cir. 2009).

Defendants' motion to return this case to the oral argument calendar (Docket Entry No. 50) is denied as moot.

**AFFIRMED.**

15-15044