Filed 2/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re the Marriage of PATRICIA and THOMAS DEAL. | |
| PATRICIA DEAL, Respondent, v. THOMAS DEAL, Appellant. | A154425 (Alameda County Super. Ct. No. CH222312) |

This is an appeal from trial court orders reaffirming a legal determination first made in 2005 that appellant Thomas Deal is a "vexatious litigant" within the meaning of Code of Civil Procedure section 391[1] and requiring him to obtain permission from the presiding judge before filing any new litigation or motions in propria persona.[2]  Thomas, proceeding in propria persona for purposes of this appeal, contends these orders are

---

[1] All statutory citations herein are to the Code of Civil Procedure unless otherwise indicated.

[2] We refer to the parties by their first names for ease of reference.  (See *In re Marriage of Green* (1992) 6 Cal.App.4th 584, 588, fn. 1.)

void, unenforceable and unsupported by substantial evidence. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Respondent Patricia Deal filed a petition for the dissolution of her marriage to Thomas in October 2001. A judgment dissolving their marriage was entered in November 2002, and a judgment on reserved issues such as property distribution was entered in 2008.

In 2005, the trial court, with Commissioner Greg Oleon presiding, determined on Patricia's motion that Thomas was a vexatious litigant and issued a prefiling order that prohibited him from filing any new litigation or motion in propria persona without first obtaining leave of the presiding judge of the court where the litigation was proposed to be filed.[3] These decisions, issued on July 29, 2005, stemmed from Thomas's conduct and filings in the marital dissolution proceedings, as well as in two separate civil actions he filed against Patricia. Thomas was also ordered to pay sanctions in the amount of $17,786 to cover the attorney fees Patricia incurred to successfully defend the two civil cases. We affirmed these orders in a nonpublished opinion filed on January 16, 2007. (*In re Marriage of Deal* (Jan. 16, 2007, A111281).)

---

[3] Under section 391.7, subdivision (a), the court may "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."

2

Nearly a year after Commissioner Oleon's vexatious litigant and prefiling orders were entered, Thomas moved on June 5, 2006, to have the commissioner disqualified under section 170.1. The court timely responded to and denied Thomas's challenge. On July 21, 2006, Thomas filed another section 170.1 challenge, to which the court failed to timely respond. Thomas then filed a " 'Notice of Recusal by Default' " that was granted on October 3, 2006.[4] Pursuant to the court's order, Commissioner Oleon was disqualified by reason of default from hearing this matter further.

On November 19, 2007, notwithstanding his disqualification, Commissioner Oleon reentered his previous vexatious litigant and prefiling orders "effective nunc pro tunc from 7/29/05." Commissioner Oleon took this action because, when entering his original orders in 2005, he neglected to file the mandatory Judicial Council form MC-700. Over a decade later, on February 10, 2018, Thomas complained to the presiding judge of the Alameda County Superior Court regarding Commissioner Oleon's postdisqualification involvement in this case, prompting the court to issue an order to show cause (OSC) on March 21, 2018, with respect to the following three issues: (1) whether the court should vacate the vexatious litigant order of July 29, 2005; (2) whether the court should vacate the Judicial Council form MC-700 vexatious litigant order of November 19, 2007; and

---

[4] The trial court initially denied Thomas's request to have Commissioner Oleon recused by default but then granted it upon reconsideration.

3

(3) whether the court should enter a new Judicial Council form MC-700 vexatious litigant order.  The parties were permitted to file briefs with respect to each of these issues, and the matter was set for hearing on April 12, 2018.

Prior to this hearing, Thomas sought permission to file two new motions in propria persona, the first for a change of venue to Amador County and the second for a long cause hearing regarding his vexatious litigant designation.  The court denied Thomas's requests on April 12, 2018, the same day the hearing on the OSC took place.

Following the hearing, the trial court issued the orders under challenge in this appeal—the first reaffirming the finding that Thomas qualifies as a vexatious litigant (vexatious litigant order) and the second imposing a prefiling order with respect to his filing of any new motion or litigation in propria persona in this matter (prefiling order).  Thomas has timely appealed.

## DISCUSSION

Thomas appears to have used the opportunity of this appeal to make implicit threats against various members of the California judiciary and State Bar.  We decline to restate every example of threat-making and intimidation set forth in Thomas's appellate briefs given their odious tone.  We will, however, identify one as representative of the whole.  As stated in the opening brief on appeal:  "[D]espite my sincere prayer for relief by the Court, I am also praying for a higher authority to cause a well timed avalanche that kills the majority of a certain judges [*sic*] family, or a tree branch that breaks the neck of the young boy in

4

the front yard, or a drunk driver tee bones [*sic*] the right side door at high speed while the daughter is returning from her senior prom.  Each of these would be, of course, 'accidents' and can cause a great deal of grief, but never cause the misery that knowledge that the injuries were caused intentionally by a well connected attorney, [name][5], his confederates, [names], caused to me as they harmed my children for their own benefits."

We do not take lightly Thomas's use of the appellate process to threaten, however implicitly, our state's lawyers and judges.  Thomas clearly considers himself aggrieved by our judicial process.  That is no excuse, however, for resorting to this sort of menacing language, which has no place in our courthouses or communities.  It degrades our institution while also wasting its valuable resources.  For this reason, we hereby warn Thomas any further abuse of our process will result in an order of sanctions against him.  (See *Flores v. Georgeson* (2011) 191 Cal.App.4th 881, 887 [a "court has inherent power, upon a sufficient factual showing, to dismiss an action ' "shown to be sham, fictitious or without merit," ' " and to impose sanctions, " ' "in order to prevent abuse of the judicial process" ' "]; *Kinney v. Clark* (2017) 12 Cal.App.5th 724, 740 [" 'California's Constitution provides the courts, including the Courts of Appeal, with inherent powers to control judicial proceedings.  [Citations.]  To the same effect, Code of Civil Procedure section 128, subdivision (a)(8)

---

[5] In his brief, Thomas directs this hostile diatribe at six specific attorneys and members of the bench in Alameda County.  Respecting the privacy of these individuals, we decline to name them here.

5

authorizes every court "[t]o amend and control its process and orders so as to make them conform to law and justice" ' "].)

Turning now to the merits, Thomas has raised the following issues for our consideration: (1) Are the trial court's vexatious litigant order and prefiling order of April 17, 2018, void because the original vexatious litigant and prefiling orders of July 29, 2005, are void given they were entered by a disqualified commissioner? (2) If not void, are the April 17, 2018 orders nonetheless unenforceable because Thomas, as a nonplaintiff, cannot be designated a vexatious litigant? (3) Are the orders unsupported by substantial evidence? We address each issue in turn after laying out the governing legal framework.[6]

"The vexatious litigant statute (§ 391 et seq.) was enacted ' "to curb misuse of the court system" ' by ' "persistent and obsessive" litigants.' [Citation.]" (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1198 (*Thompson*).) Relevant here, a

---

[6] Thomas raises a host of other issues not properly before this court, including (but not limited to) whether this court denied him due process when dismissing several of his past appeals (most recently in 2014) and denying his motions for reconsideration and request for permission to file a writ petition (also most recently in 2014); whether Patricia's former attorney engaged in "witness tampering" or witness threatening when representing her in the dissolution proceedings over a decade ago; and whether the bench of the Alameda Superior Court has collectively abused its power or committed other alleged acts of judicial misconduct during the course of these proceedings. Because these issues are not within the scope of Thomas's notice of appeal or otherwise properly before this court, we decline to consider them. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347; *Garcia v. Rehrig Internat., Inc.* (2002) 99 Cal.App.4th 869, 876.)

6

" '[v]exatious litigant' " is one who, proceeding in propria persona, "repeatedly relitigates or attempts to relitigate" matters already finally determined against them or "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay" (inter alia). (§ 391, subd. (b)(2), (3).) " 'Litigation' " for purposes of section 391 means "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).) A vexatious litigant may be prohibited from filing new litigation unless he or she obtains leave to do so from the presiding justice or judge of the court where he or she intends to file. (*Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 48–49; § 391.7, subd. (a).) This prefiling requirement "does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs." (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221–222.)

Both parties acknowledge Thomas is entitled to bring this appeal without prior approval from the presiding justice and without a showing of a reasonable probability that his appeal has merit notwithstanding his designation in the trial court as a vexatious litigant because Thomas did not initiate this action below.[7] (See *John v. Superior Court* (2016) 63 Cal.4th 91, 99

---

[7] Our record reflects Thomas has filed no less than nine appeals and two writs in our court, three of which resulted in affirmances in favor of Patricia, one of which was dismissed for failure to designate a record on appeal, and seven of which were

["the language of the vexatious litigant statute indicates that the prefiling permission requirement applies to appeals by plaintiffs, not to parties who did not initiate the action in the trial court"].) While an order declaring a person to be a vexatious litigant is not itself appealable (*People v. Harrison* (2001) 92 Cal.App.4th 780, 785, fn. 6), such order may be reviewed "in conjunction with an appeal from some subsequent otherwise appealable judgment or order." (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008.) Relevant here, an order requiring a person to obtain permission from the presiding judge or justice before filing "new litigation" in propria persona (§ 391.7) is injunctive in nature and therefore appealable under section 904.1, subdivision (a)(6). (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 90.) Accordingly, we turn to the specific issues raised on appeal.

**I.** ***Are the April 17, 2018 vexatious litigant order and prefiling order void?***

The original orders designating Thomas a vexatious litigant and imposing a prefiling order with respect to any new litigation or motion filed in propria persona were issued on

---

dismissed based on our finding that Thomas was a vexatious litigant unable to demonstrate a reasonable probability that his appeal had merit. (*Deal v. Deal* (Feb. 18, 2005, A105221 [nonpub. opn.]); *In re Marriage of Deal* (Jan. 16, 2007, A110256, A111281 [nonpub. opns.]); *Deal v. Deal* (Aug. 10, 2006, A114364 [dismissed]); *Deal v. Deal* (Sept. 3, 2008, A122217 [dismissed]); *Deal v. Deal* (April 21, 2009, A124050 [dismissed]); *Deal v. Deal* (July 28, 2009, A124577 [dismissed]); *Deal v. Deal* (June 15, 2010, A128225 [dismissed]); *Deal v. Deal* (Aug. 8, 2014, A142556 [dismissed]); *Deal v. Deal* (May 20, 2014, A141764 [dismissed]); *Deal v. Deal* (Sept. 9, 2009, A126043 [permission to file writ petn. denied].)

8

July 29, 2005. According to Thomas, these orders are void because the judicial officer who issued them, Commissioner Oleon, was later disqualified from the case by default. Based on this reasoning, Thomas contends the orders now challenged on appeal—those entered on April 17, 2018—are void because the trial court merely " 're-issued' " the purportedly void 2005 orders. We reject this reasoning.

The only orders presently before this court on appeal are the April 17, 2018 orders declaring Thomas a vexatious litigant (§ 391) and prohibiting him from filing any new motion or litigation in propria persona without permission from the presiding justice or judge (§ 391.7.) Whether the July 29, 2005 orders are void is a separate issue not determinative of whether the April 17, 2018 orders are valid. As explained above (*ante*, pp. 2–3), the April 17, 2018 orders arose from the OSC issued by the court on March 21, 2018. The parties filed briefs with respect to each issue raised in the OSC and appeared at the April 12, 2018 hearing to argue these issues before the trial court rendered its decisions. Thomas provides no evidence or reasoned argument to prove the court's actions were void or voidable. He merely points to language in the court's written order of April 17, 2018, that it was "reaffirm[ing]" the previous vexatious litigant findings and prefiling orders from 2005 and 2007. Contrary to Thomas's suggestion, the court's wording alone does not establish it merely "rubber stamped" those earlier findings and orders rather than discharge its duty to consider and decide the issues raised in the OSC on their own merits. We decline to presume otherwise in

9

the absence of actual evidence.  (See *Schwartz v. Poizner* (2010) 187 Cal.App.4th 592, 599 [on a silent record and absent evidence to the contrary, a reviewing court will presume the trial court complied with its official duty to determine the matter at hand]; Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].)  Accordingly, we reject Thomas's claim that the April 17, 2018 orders are void.

## II.    *Can a nonplaintiff be designated a vexatious litigant?*

Thomas next contends that as a matter of law he cannot be designated a vexatious litigant because he has never been the "plaintiff" or the "petitioner" in these proceedings; he has been only the respondent to Patricia's dissolution-of-marriage petition and the appellant on appeal.  His argument hinges on our interpretation of the vexatious litigant statute, section 391.

We follow the plain meaning of a statute where its language is clear and unambiguous unless " 'to do so would "frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results." ' [Citation.]" (*Thompson, supra,* 11 Cal.App.5th at p. 1199.)  *"Section 391 defines 'vexatious litigant' as 'a person,' not a plaintiff, whose litigation history contains particular behaviors (e.g., repeated attempts to relitigate* (subd. (b)(2))). . . . [¶] . . . Section 391, subdivision (b)(3) applies to any litigant—plaintiff or defendant—who, 'acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.' (See *John* [*v. Superior Court*], *supra,* 63 Cal.4th at p. 99

10

[appellate courts have the authority to declare a defendant appellant or writ petitioner to be a vexatious litigant in the first instance during the course of an appeal from litigation the defendant or writ petitioner did not file under § 391, subd. (b)(3)].) Applying section 391, subdivision (b)(3) to both plaintiffs and defendants advances the purpose of the statute—curbing abuse of the judicial system. Likewise, applying section 391, subdivision (b)(2) to any litigant, whether plaintiff or defendant, who repeatedly litigates prior determinations is consistent with the statutory purpose." (*Id.* at p. 1200, italics added.)

We agree with the *Thompson* court's analysis with respect to section 391, subdivisions (b)(2) and (b)(3).[8] On their face, these

---

[8] The *Thompson* court also held that section 391, subdivision (b)(4)—a provision not relevant here—must be construed as applying only to the plaintiff in the current action in order not to frustrate the statutory purpose of curbing misuse of the court system. (*Thompson, supra*, 11 Cal.App.5th at p. 1200.) Section 391, subdivision (b)(4) defines a " '[v]exatious litigant' " as "a person who . . . [¶] . . . [¶] [h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence." (§ 391, subd. (b)(4).) According to the *Thompson* court, "by its plain language, section 391, subdivision (b)(4) allows any party to an action to be declared a vexatious litigant. . . . Such a result would be absurd and inconsistent with the statutory purpose of 'curb[ing] misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants.' (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 [126 Cal.Rptr.3d 98, 253 P.3d 266].) The passive act of being sued constitutes neither a misuse of the court system, nor a waste of the time and resources of the court system and other litigants." (*Thompson, supra*, 11 Cal.App.5th at p. 1200.) We need not

provisions apply to any person—whether a plaintiff, defendant, petitioner, respondent or appellant—based on the nature of his or her conduct during litigation rather than his or her party designation. (*Thompson, supra*, 11 Cal.App.5th at p. 1200.) Arguing to the contrary, Thomas directs us to *Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32 (*Mahdavi*). There, the reviewing court concluded: "In appealing from a ruling in a case that he did not initiate, [the defendant] cannot be said to be 'maintaining' the litigation any more than any defendant can be considered to be 'maintaining' litigation by seeking to defend himself through the filing of pleadings and motions in the trial court." (*Id.* at p. 41.) Thomas's authority, however, was overruled in part by *John, supra*, 63 Cal.4th 91, wherein the court "disapprove[d] language in *Mahdavi . . .* to the extent it could be interpreted as precluding a Court of Appeal from declaring an in propria persona defendant on appeal to be a vexatious litigant under section 391." (*Id.* at pp. 99–100, fn. 2.) In doing so, the court held that appellate courts had authority to declare a *defendant appellant* proceeding in propria persona to be a vexatious litigant pursuant to section 391, subdivision (b)(3) during the course of an appeal notwithstanding the fact that the defendant did not initiate the litigation in the trial court. (*Id.* at p. 99.)

---

weigh in on the court's holding with respect to subdivision (b)(4) because it is not implicated in this appeal.

Based on this legal authority, we reject Thomas's argument that, as a matter of law, a nonplaintiff litigant (such as him) cannot be designated a vexatious litigant.

## III. *Does substantial evidence support the vexatious litigant order and prefiling order?*

Last, Thomas contends the April 17, 2018 orders lack the support of substantial credible evidence, in that the trial court simply accepted Commissioner Oleon's "void order at face value" without independently considering the record. Again, we disagree.

"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] . . . On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Bravo v. Ismaj*, *supra*, 99 Cal.App.4th at p. 219.)

Thomas appears to acknowledge the presumption on appeal that a court's order is supported by the record, as well as the rule that a court's implied finding of fact will be upheld if there is substantial evidence in the record to support it. (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148.) Yet Thomas argues that the court's orders in this case are "too vague to properly appeal" and insists he does "not need to address the specifics of a void order in order to avoid them." Thomas also condemns Patricia for relying on the number of entries in the trial court register of actions, which reflects his filing of new motions, to argue in her respondent's brief that the vexatious litigant and prefiling orders were supported by the record. Thomas's arguments fail.

13

First, we have already held the challenged orders are not void. (*Ante*, pp. 6–7.) Second, the record adequately supports the trial court's implied finding that Thomas meets the statutory definition of a vexatious litigant. Specifically, the record reflects that between 2005 and April 2018, Thomas filed innumerable motions, applications and other requests in this case. Moreover, the hearing transcript from the April 12, 2018 hearing on the OSC reflects that the court considered these filings, along with the parties' briefs and arguments, before issuing the challenged orders.

Under well-established rules of appellate procedure, Thomas, as the appellant, has the burden to provide an adequate record on appeal and to affirmatively show error. (See *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 ["It is the appellant's affirmative duty to show error by an adequate record"]; *In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498 [same].) Thomas cannot avoid his burden on appeal to affirmatively prove error by merely labeling the court's orders "vague" or condemning Patricia's reliance on certain facts in the respondent's brief. (See *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649 ["If an appeal is pursued, the party asserting trial court error may not then rest on the bare assertion of error but must present argument and legal authority on each point raised"]; *Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 780 [presumption of correctness applies in vexatious litigant proceedings].) Accordingly, given his mere assertions to the contrary, we conclude Thomas has failed to prove the April 17,

14

2018 orders lack the support of substantial evidence.  The orders stand.[9]

_____

[9] Thomas's request for judicial notice, filed August 17, 2018, is granted in part and denied in part.  We grant his request for judicial notice of certain legal terms, including "plaintiff/petitioner," "defendant/respondent," "void" and "voidable," that are set forth in the Abridged Sixth Edition of Black's Law Dictionary (1991).  (Evid. Code, § 452, subd. (h).)  We also grant Thomas's request for judicial notice of the document entitled "Request to File New Litigation by a Vexatious Litigant" received by the trial court on May 16, 2018.  (Evid. Code, § 452, subd. (d).)  We deny as moot his request for judicial notice of the following documents, which are already in our record on appeal: (1) February 15, 2018 letter to Thomas from Presiding Judge Wynne S. Carvill of the Superior Court of Alameda County; (2) June 1, 2018 letter to Thomas from the Clerk of the Court of the First District Court of Appeal; and (3) June 11, 2018 order of Administrative Presiding Justice William R. McGuiness of the First District Court of Appeal, Division Three.  We also deny Thomas's request for judicial notice of a document entitled "Vexatious Litigant List from Prefiling Orders Received from California Courts" because this document appears incomplete and is therefore not helpful to this court.  Thomas's remaining requests are denied for noncompliance with California Rules of Court, rule 8.252(a)(3), which provides, "If the matter to be noticed is not in the record, the party must attach to the motion a copy of the matter to be noticed or an explanation of why it is not practicable to do so."

On February 7, 2020, we denied Thomas's motion to preserve records relevant to pending appeals, which covered "any and all documents and the electronic files of those documents and proceedings" in the Alameda County dissolution proceedings, as well as in his previous appeals, numbering 11, filed in this court. As stated in our order, these documents are not in our record on appeal and we have no jurisdiction to reopen any of his appeals, which have long become final.  (California Rules of Court, rules 8.120, 8.104(a).)

Thomas's motion to correct the clerk's transcript filed on November 30, 2018, is denied.

15

## DISPOSITION

The orders of April 17, 2018, are affirmed.  Costs on appeal are awarded to Patricia.

_____

Jackson, J.

WE CONCUR:


_____

Siggins, P. J.


_____

Petrou, J.

A154425/In re Marriage of Deal

Trial Court:        Superior Court of Alameda County

Trial Judge:        Gregory Syren, J.

Counsel:            Thomas M. Deal, in pro. per., for Appellant.

                    Patricia Kim Deal, in pro. per., for Respondent.