Filed 8/17/21  BBR Investments v. Dividesfahani CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| BBR INVESTMENTS, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SHAHRIAR DAVIDESFAHANI, <br><br> Defendant and Appellant. | B305907 <br><br> (Los Angeles County <br> Super. Ct. No. BC659218) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.
        Verus Law Group and Holly Walker for Plaintiff and Respondent.
        Rodriguez Law Group and Patricia Rodriguez for Defendant and Appellant.

_____

# INTRODUCTION

Shahriar Davidesfahani appeals from the amended judgment entered after the trial court granted a motion by BBR Investments, LLC for summary judgment in BBR's action against Davidesfahani for breach of his guaranty of a line of credit for his business, Mah-Zad Corporation. Davidesfahani argues he "lacked thorough consideration of his obligations by the fault of" BBR, "which made it impossible for [him] to perform." Davidesfahani also challenges the order awarding BBR $4,491.43 in attorneys' fees and $2,209.43 in costs. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2013 Mah-Zad borrowed $225,000 from US Bank in the form of a revocable line of credit evidenced by a promissory note and secured by Mah-Zad's assets, inventory, and equipment. Davidesfahani, Mah-Zad's president, signed the Demand Line of Credit Agreement. Mah-Zad agreed that, if it drew on the line of credit, it would make monthly interest payments at the rate of prime plus 2.5 percent and that all amounts due were payable on demand. Mah-Zad also agreed it would pay the bank's attorneys' fees and costs in the event of litigation. Davidesfahani signed a continuing guaranty, which guaranteed Mah-Zad's obligations under the line of credit, including Mah-Zad's obligation to pay the bank's attorneys' fees and costs.

Mah-Zad failed to make timely payments and began to incur late fees and interest. On June 2, 2015 US Bank sent demand letters to Mah-Zad and Davidesfahani, stating the bank

2

had elected to accelerate the principal amount due under the line of credit. The bank demanded immediate payment in full of the balance, which at that time was $228,073.48. Mah-Zad did not make any payments.

US Bank assigned all of its rights and interest in the line of credit to BBR Investments. On February 22, 2017 BBR, through its loan servicer, sent demand letters to Mah-Zad and Davidesfahani. The letters stated that the total amount due, including principal, late fees, and interest, was $252,025.77. Neither Mah-Zad nor Davidesfahani made any payments or responded to the letter.

On April 26, 2017 BBR filed this action. BBR alleged that Mah-Zad and Davidesfahani were in default and materially breached the terms of the credit agreement and guaranty, respectively. BBR argued that under the terms of the two documents it was entitled to the principal amount of the loan, late fees, interest, and reasonable attorneys' fees and costs. Mah-Zad and Davidesfahani answered BBR's complaint, denying BBR's allegations and asserting various affirmative defenses.

BBR filed a motion for summary judgment, arguing Davidesfahani breached the guaranty. Davidesfahani filed a memorandum of points and authorities in opposition to BBR's motion, arguing there was a mutual mistake of fact because the "purported interest rate at the time was not thoroughly considered by Defendant and or disclosed." Davidesfahani did not submit any evidence in opposition to the motion.

On November 14, 2019 the trial court granted BBR's motion for summary judgment, ruling there were no triable issues of material fact on BBR's breach of contract cause of action against Davidesfahani. The court ruled that BBR had shown

3

"there are no genuine issues of material fact as to the existence of the contracts that it seeks to enforce" and that Davidesfahani "defaulted on the payments after April 6, 2015." The court stated that, although Davidesfahani argued "the agreement is rescindable under the federal Truth In Lending Act," that law does not apply to credit transactions for business or commercial purposes. The court entered judgment for BBR in the amount of $223,623.50, plus $27,162.09 in interest and $929.60 in late fees as of February 22, 2017, and prejudgment interest.

On January 6, 2020 the trial court granted BBR's motion for attorneys' fees and awarded BBR $4,491.43 in fees and $2,209.43 in costs. On February 21, 2020 the trial court entered an amended judgment awarding BBR $258,416.05. Davidesfahani timely appealed from the amended judgment.

## DISCUSSION

A. *Standard of Review*

"Summary judgment is appropriate only 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.'" (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; see *Usher v. White* (2021) 64 Cal.App.5th 883, 892.) A plaintiff moving for summary judgment meets its "burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on the cause of action. Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense

4

thereto." (Code Civ. Proc., § 437c, subd. (p)(1); see *Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1195.)

We review a trial court's ruling on a motion for summary judgment de novo. (*Samara v. Matar* (2018) 5 Cal.5th 322, 338.) We consider "'"""all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained."'" [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party."'"" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; see *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286; *Husman v. Toyota Motor Credit Corp.* (2017) 12 Cal.App.5th 1168, 1179.)

    B.    *Davidesfahani Did Not Demonstrate a Triable Issue of Material Fact*

The trial court ruled BBR met its initial burden on summary judgment of showing Davidesfahani breached the guaranty. Davidesfahani does not challenge that ruling. Instead, he argues that the trial court erred in granting BBR's motion for summary judgment because there was a triable issue of fact regarding Davidesfahani's obligations under the guaranty. He asserts that there was "some kind of mutual mistake of fact or lack of disclosed consideration regarding the interest payments he allegedly agreed to" and that "[s]uch interest rate at the time was not thoroughly considered by [him] or disclosed" by the bank.

To the extent these assertions are comprehensible, Davidesfahani does not support them with any citations to the record. Davidesfahani does not cite any evidence he was unaware of or unable to perform his obligations under the

5

guaranty and, as stated, he did not submit any evidence in opposition to the motion for summary judgment. Nor does he even identify which contractual obligations he was purportedly not aware of or how or why he could not perform them. Thus, he has not met his burden to show there was a triable issue of material fact that precluded summary judgment. (See *Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268, 1289 ["'[I]t is not enough in opposing summary judgment to surmise reasons or make unfounded allegations: "a party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact . . . .'"'"]; *Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 10 ["[i]t is an appellant's duty to direct the court to evidence that supports his arguments"].)

Davidesfahani argues he had the right to rescind the guaranty under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (TILA). As the trial court correctly ruled, however, although TILA "applies to 'consumer credit transaction[s],'" it does not apply to "'[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes.'" (See 15 U.S.C. §§ 1603(1), 1635(a).) Under TILA a consumer credit transaction is "one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." (15 U.S.C. § 1602(i).) Mah-Zad is a corporation, and the line of credit was for business purposes. Davidesfahani does not address this aspect of the trial court's ruling or present any argument why TILA applies to him or his guaranty. (See *City of Santa*

6

*Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["[w]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt"].)  The trial court did not err in granting BBR's motion for summary judgment.

> C.    *The Trial Court Did Not Abuse Its Discretion in Awarding BBR $4,491.43 in Attorneys' Fees and $2,209.43 in Costs*

Davidesfahani argues the trial court erred in awarding BBR its attorneys' fees and costs because, although Civil Code section 1717, subdivision (a), requires that "a contract must specifically provide for attorney's fees which are incurred to ENFORCE that contract," the attorneys' fees provision here was not "transparent."  The attorneys' fees provision in the line of credit provides that Mah-Zad had to reimburse the bank "for all attorneys' fees and all other costs, fees and out-of-pocket disbursements incurred by [US Bank] in connection with the preparation, execution, delivery, administration, defense and enforcement of this Agreement or any of the other Loan Documents, including attorneys' fees and all other costs and fees . . . incurred before or after commencement of litigation or at trial, on appeal or in any other proceeding."  The guaranty provides that Davidesfahani guaranteed "prompt payment" of Mah-Zad's obligations to the bank, including "all costs, expenses and reasonable attorneys' fees . . . paid or incurred by the Bank at any time before or after judgment in attempting to collect" from Mah-Zad.  This language is pretty transparent.

7

Davidesfahani does not explain why it was not sufficient to put him on notice that, in the event of litigation, he would be liable for the bank's attorneys' fees and costs.

BBR asked for $4,491.43 in attorneys' fees and $2,209.43 in costs. Davidesfahani did not file an opposition to the motion or argue these amounts were unreasonable. The trial court reviewed BBR's "attorney timekeeping entries," found they were "reasonable," and granted the motion. Davidesfahani twice forfeited any argument the relatively modest amounts the court awarded were unreasonable, first by failing to raise the issue in the trial court, and then on appeal by failing to identify and challenge any particular hours he contends were unreasonable. (See *Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 ["""""a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court,""""" and """""we ignore arguments, authority, and facts not presented and litigated in the trial court"""""]; *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488 ["Because plaintiff did not point to the specific items challenged, with a sufficient argument and citations to the evidence, in support of its contention that the amount of awarded attorney fees was excessive, plaintiff forfeited this claim on appeal."]; *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 ["General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice. Failure to raise specific challenges in the trial court forfeits the claim on appeal."].)[1]

---

[1] Davidesfahani does argue "$45,250.00 is not reasonable fees to be treated as costs." But that is not what the trial court

8

## DISPOSITION

The judgment is affirmed.  BBR's motion for sanctions for filing a frivolous appeal is denied.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

---

ordered.  The court ordered Davidesfahani to pay $4,491.43 in attorneys' fees and $2,209.43 in costs, which is much less than the $45,250 he asserts is unreasonable.