Filed 7/19/22  Black v. High Desert Medical Group CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| DAVID BLACK,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HIGH DESERT MEDICAL GROUP et al.,<br><br>    Defendants and Respondents. | B300957<br><br>(Los Angeles County Super. Ct. No. BC656902) |

APPEAL from a judgment of the Los Angeles Superior Court, John Doyle, Judge.  Affirmed.

David E. Black, in pro. per., for Plaintiff and Appellant.

Bonne, Bridges, Mueller, O'Keefe & Nichols and Mitzie Dobson; Cole Pedroza, Kenneth R. Pedroza, Matthew S. Levinson and Nayri Jilizian for Defendants and Respondents High Desert Medical Group, Charles M. Lim, M.D., Marvin Ginsburg, M.D., Kourosh Golestany, M.D., Dennis Latuno, M.D. and Davy Figueroa, M.D.

Bowman and Brooke and Michael J. Hurvitz for Defendants and Respondents Livanta, LLC and Steven Stein, M.D.

Lewis Brisbois Bisgaard & Smith and Judith M. Tishkoff for Defendant and Respondent Lancaster Hospital Corporation dba Palmdale Regional Medical Center.

Plaintiff David E. Black, in pro. per., initiated a lawsuit against his wife's healthcare providers as a result of her death in January 2016. As relevant here, the trial court sustained defendants Livanta, LLC and Dr. Steven Stein's demurrer to plaintiff's first amended complaint without leave to amend. The court subsequently sustained the demurrers of defendants High Desert Medical Group, its physicians, and Lancaster Hospital Corporation to plaintiff's second amended complaint without leave to amend as to two causes of action and with leave to amend as to one cause of action. When plaintiff failed to file a third amended complaint, the trial court granted the remaining defendants' motions to dismiss (Code Civ. Proc., § 581, subd. (f)(2)) and denied plaintiff's motion for relief from dismissal (Code Civ. Proc., § 473).

Although it is not entirely clear from his notice of appeal, plaintiff potentially appeals from (1) the judgment of dismissal entered in favor of High Desert Medical Group, its physicians, and Lancaster Hospital Corporation, (2) the order sustaining their demurrers to the second amended complaint, and (3) the order sustaining Livanta, LLC and Dr. Stein's demurrer to the first amended complaint. On appeal, the gravamen of plaintiff's argument is that the trial court abused its discretion in dismissing all the defendants. However, we lack jurisdiction over the court's order sustaining Livanta, LLC and Dr. Stein's demurrer, as explained below. Because plaintiff fails to affirmatively demonstrate error as to the other defendants, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2017, plaintiff filed a complaint for wrongful death, in pro. per., against defendants High Desert Medical Group, Palmdale Regional Medical Center, Charles M. Lim, M.D., Marvin Ginsburg, M.D., Kourosh Golestany, M.D., Denis Latuno, M.D., and Does 1-100. On November 14, 2017, plaintiff amended the complaint to substitute defendants United Healthcare Insurance Company (UHIC), Steven H. Stein, M.D., Livanta, LLC, and Davy Figueroa, M.D. for Does 1 through 4.

On May 10, 2018, the trial court sustained UHIC's demurrer to the amended complaint with leave to amend. The court allowed plaintiff to assert different claims.

On May 30, 2018, plaintiff filed a first amended complaint alleging a single cause of action for "bad faith" (breach of the implied covenant of good faith and fair dealing). On August 23, 2018, the trial court sustained the demurrers of High Desert Medical Group and its physicians (Drs. Lim, Ginsburg, Golestany, Latuno, and Figueroa), Lancaster Hospital Corporation, and UHIC, with leave to amend. The court sustained Livanta, LLC and Dr. Stein's demurrer without leave to amend.

On September 10, 2018, plaintiff filed a second amended complaint alleging wrongful death, loss of consortium, and breach of implied covenant of good faith and fair dealing. On January 16, 2019, the trial court sustained UHIC's demurrer without leave to amend. The court sustained the demurrers of High Desert Medical Group, its physicians, and Lancaster Hospital Corporation as to the first and second causes of action without leave to amend. However, the court sustained their demurrers as to the third cause of action with 30 days leave to amend. Therefore, an amended pleading was due on or before February 15, 2019. The court limited plaintiff

3

to amending his claims for breach of the implied covenant of good faith and fair dealing and/or breach of contract. The court also noted that "[t]his is definitively Plaintiff's final opportunity to amend."

On March 21, 2019, the trial court entered a judgment of dismissal in favor of UHIC. Notice of entry of the judgment was filed that day.

When plaintiff failed to file a third amended complaint, Lancaster Hospital Corporation, High Desert Medical Group and its physicians filed motions to dismiss. (Code Civ. Proc., § 581, subd. (f)(2).) On April 3, 2019, the trial court issued a tentative ruling granting the motions to dismiss the action for failure to file a third amended complaint. After the matter was argued, the court continued the hearing to June 11, 2019, and set plaintiff's motion for relief (Code Civ. Proc., § 473) to be heard on that date.

On June 11, 2019, the trial court granted the motions to dismiss and denied the motion for relief. On July 11, 2019, the court entered judgments of dismissal in favor of the Lancaster Hospital Corporation and High Desert Medical Group and its physicians. Notices of entry of the judgments were filed on July 23, 2019.

On September 20, 2019, plaintiff filed a notice of appeal from the "judgment or order" entered on July 23, 2019.

## DISCUSSION

Plaintiffs contends the trial court abused its discretion in dismissing all named defendants from the action.[1] We disagree.

---

[1] This court granted UHIC's motion to dismiss the appeal on December 30, 2020, and remittitur was issued as to UHIC on March 4, 2021. Therefore, UHIC is not a party to this appeal.

4

A. *Livanta LLC and Dr. Stein*

Plaintiff appears to challenge the trial court's August 23, 2018 ruling sustaining Livanta, LLC and Dr. Stein's demurrer to the first amended complaint without leave to amend. This order is not reviewable however, because no appeal was taken from it.

"'If a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review.' [Citations.]" (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.) "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436.) According to the notice of appeal, plaintiff challenges the judgment or order entered July 23, 2019. No judgment or order was entered on that day. Rather, July 23, 2019 was the date of the *notices* of entry of the July 11, 2019 judgments of dismissal. Those judgments were entered *only* in favor of High Desert Medical Group, its physicians, and Lancaster Hospital Corporation following the court's June 11, 2019 order granting their motions to dismiss for plaintiff's failure to file a third amended complaint and denying plaintiff's motion for relief. There is no mention of Livanta, LLC or Dr. Stein in those judgments.

Aside from the July 11, 2019 judgments, the notice of appeal does not identify any judgment (or notice of judgment) that refers or relates to the court's order sustaining Livanta, LLC and Dr. Stein's demurrer. Moreover, the record on appeal does not include such a judgment. Therefore, we lack jurisdiction to review the trial court's August 23, 2018 ruling. (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

In their brief, Livanta, LLC and Dr. Stein state that the trial court entered a judgment of dismissal in their favor after plaintiff filed the notice of

5

appeal. On our own motion, we take judicial notice of the trial court's docket in this matter (Evid. Code, § 452, subd. (d)(1)) and note that such a judgment was entered on August 31, 2020.

An order sustaining a demurrer without leave to amend is only appealable "'after entry of a dismissal on such an order.'" (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1189.) We recognize that a "notice of appeal must be liberally construed." (Cal. Rules of Court, rule 8.100(a)(2).) However, there is no construction under which a notice of appeal of July 11, 2019 judgments of dismissal for defendants after an order granting defendants' motions to dismiss and denying plaintiff's motion for relief on June 11, 2019 can be construed as a notice of appeal of an August 31, 2020 judgment of dismissal following an order sustaining a demurrer of different defendants on August 23, 2018. (*Bosetti v. United States Life Ins. Co. in City of New York* (2009) 175 Cal.App.4th 1208, 1224–1225.) Thus, we lack jurisdiction to review the trial court's August 23, 2018 order. Furthermore, a notice of appeal from the August 31, 2020 judgment of dismissal would now be untimely. (See Cal. Rules of Court, rule 8.104(a)(1).)

B. *Lancaster Hospital Corporation, High Desert Medical Group and its Physicians*

Although plaintiff contends the trial court erred in dismissing all the defendants, the legal basis for this assertion is not entirely clear. We conclude that plaintiff has forfeited any claim of error.

A self-represented litigant is not entitled to "special treatment" (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524) and is held to the same standards as a party represented by counsel (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247). On appeal, a trial court's order or

6

judgment is presumed correct. (*Singman v. IMDB.com, Inc.* (2021) 72 Cal.App.5th 1150, 1151.) "'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to show prejudice from any error. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.)

An appellant also has the burden "to support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration. [Citations.] In addition, citing cases without any discussion of their application to the present case results in forfeiture. [Citations.] We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52; see *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656; see also *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.)

Plaintiff has not met his burden on appeal. Plaintiff fails to reasonably assist the court in our understanding of the facts or analysis of the issue he raises in this appeal. His 63-page opening brief consists almost entirely of a nonsequential statement of facts and procedural history. He makes no cogent argument, with citation to legal authority and application of the facts, to support his contention that the trial court abused its discretion in granting defendants' motions to dismiss and denying his motion for relief from dismissal. He similarly fails to set forth any cogent argument that he alleged sufficient facts in his second amended complaint to state any cause of action. Plaintiff has therefore forfeited these arguments on appeal. (See *Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 295 [failure to raise any argument

concerning a claim of error on appeal in the opening brief forfeits the argument].)[2]

## DISPOSITION

The judgment is affirmed. Each side shall bear its own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY, J.

---

[2] The opening brief also is not in compliance with the California Rules of Court governing the content and format of briefs on appeal. It does not have headings or arguments or citations to authority, as required by rule 8.204(a)(1)(B). It does not "[s]tate the nature of the action, the relief sought in the trial court, and the judgment or order appealed from," as required by rule 8.204(a)(2)(A). It does not "[p]rovide a summary of the significant facts," as required by rule 8.204(a)(2)(C). The record includes a clerk's transcript that is almost 5,000 pages long.